**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andy Gonzalez, | No. CV-24-00300-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson City Court, et al., | |
| Defendants. | |

    Pro se Plaintiff Andy Gonzalez has filed a civil Complaint naming as defendants the Tucson City Court, the Tucson Police Department, the Department of Economic Security, and several individuals including Benabidaz and De la Cruz. *See* Doc. 1 at 1–4. In his Complaint, Plaintiff asserts only that Defendants Benabidaz and De la Cruz "have all my assets my moneys to make the attorneys and Court fees." Doc. 1 at 4. He further states that he "need[s] to survive[] and make a living like everybody else, thank you." *Id.* Plaintiff also filed an Application to Proceed In District Court Without Prepaying Fees or Costs. Doc. 2.

**I.    Application to Proceed In District Court Without Prepaying Fees or Costs**

    In his Application to Proceed, Plaintiff asserts that he cannot pay the filing costs because he has received only $35.60 per month in retirement income in the past 12 months. Doc. 2 at 2. But Plaintiff also asserts that he pays $1,200 per month in rent, $900 per month in expenses, and drives a 1999 Lexus worth $5,000. *See id.* at 2–3.

    The Court declines to exercise its discretion to grant Plaintiff's Application because

the Application is facially implausible. Retirement income is typically much more than $35 per month. It also is far less than Plaintiff would need to pay $2,100 each month in expenses or maintain his Lexus vehicle. The Court will give Plaintiff 30 days from the date of this Order to pay the $350.00 filing fee and the $55.00 administrative fee, or to file a renewed Application to Proceed addressing the issues identified above. Failure to pay these fees or file a renewed Application within 30 days will result in the dismissal of this case without further notice.

**II.     Statutory Screening of a Pro Se Complaint**

   **A.  Legal Standards**

Under 28 U.S.C. § 1915(e)(2), notwithstanding the payment of any filing fee, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**B. Analysis**

The Complaint does not refer to any conduct by Defendants State of Arizona, the Arizona Department of Economic Security, Tucson City Court, Tucson Police Department, or Felix. The Court will therefore dismiss these Defendants without prejudice for failure to state a claim.

The Complaint also does not state any facts related to Defendants Benabidaz or De La Cruz. Plaintiff's allegations are too vague and conclusory to state a claim or provide the Court any guidance for what claim Plaintiff is trying to state. He does not provide any context for his assertion that Defendants have all his assets and money, or how that is related to attorneys fees and Court costs. It is not enough for Plaintiff simply to assert that Defendants broke the law. He must instead allege specific facts *showing* that the circumstances surrounding his assets and money entitle him to relief. Plaintiff is advised to Notice to Self-Represented Litigant informational documents for more information. *See* Doc. 4. Because Plaintiff has failed to allege any specific facts showing his entitlement to relief against Defendants Benabidaz and De la Cruz, the Court will also dismiss them for failure to state a claim.

**C. Leave to Amend**

The Court finds that dismissal with leave to amend is appropriate. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute as stated in Akhtar v.*

*Mesa*, 698 F.3d 1202 (2012) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). The Court has provided the reasons for the dismissal to permit Plaintiff to make an intelligent decision whether to file an Amended Complaint. See Bonanno v. Thomas, 309 F.2d 320, 322 (9th Cir. 1962). Furthermore, Plaintiff is advised that all causes of action alleged in the original Complaint which are not alleged in any Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").

Any Amended Complaint filed by Plaintiff must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. An Amended Complaint must be clearly designated as an Amended Complaint on the face of the document and formatted in compliance with L.R.Civ 7.1. Plaintiff is advised that if an Amended Complaint fails to state a claim upon which relief can be granted, the Court likely will dismiss this action. Additionally, Plaintiff is advised that if he fails to timely comply with every provision of this Order, this action will be dismissed under Fed. R. Civ. P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**III.   Order**

Accordingly,

**IT IS ORDERED DENYING** Plaintiff's Application to Proceed (Doc. 2). Plaintiff must pay the $350.00 filing fee and the $55.00 administrative fee within 30 days of the date of this Order, or file a renewed Application to Proceed addressing the issues the Court discussed above. Failure to pay these fees or file a renewed Application within 30 days will result in the dismissal of this case without further notice.

///

///

///

///

**IT IS FURTHER ORDERED DISMISSING WITHOUT PREJUDICE** Plaintiff's Complaint (Doc. 1). Plaintiff may amend his Complaint within 30 days of the date of this Order.

Dated this 3rd day of July, 2024.

_____
John C. Hinderaker
United States District Judge